# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 09-CR-88-TCK** |
| | ) | |
| **KEVIN DALE COYLE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court is the Defendant Kevin Dale Coyle's ("Coyle's") Motion for Reduction of Sentence filed pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 147). On June 22, 2021, the Government filed its Response in Opposition (Doc. 149).

Coyle seeks a reduction in sentence based on "extraordinary and compelling circumstances" in light of the significant sentencing disparity created by the First Step Act of 2018, and a combination of factors which warrant relief. The Government urges the Court to deny Coyle's § 3582(c)(1)(A) motion based on the contention that Coyle is not eligible for compassionate release. *Id.* Specifically, the Government argues that "although his medical conditions could arguably qualify as extraordinary and compelling reasons during the COVID-19 pandemic, Coyle's medical records reflect that he has refused the Pfizer COVID-19 vaccine. Coyle's criminal history, high recidivism risk, status as an Armed Career Criminal, disciplinary conduct while incarcerated, and withdrawal from the BOP's residential drug treatment program further weigh strongly against granting his motion under the § 3553(a) factors." (Doc. 149 at 1).

### I. Background

"Coyle is 47 years old and has been abusing drugs, committing serious crimes – or serving time for those crimes – continuously since he was a teenager." (PSR at ¶¶ 22 and 26). Coyle's

substance abuse began at age 16 with marijuana and cocaine; he continued using cocaine until a month before his arrest in this case. (PSR at ¶ 42). That same year, Coyle committed multiple armed robberies and was sentenced to 15 years in prison. Id. at ¶¶ 26-27. Within a month of his sentencing, Coyle escaped, was recaptured, and was sentenced to two additional years to run consecutively to the original sentence. (PSR at ¶ 28). Coyle spent the following decade in prison. Id. at ¶¶ 27-28. At 17, Coyle began using methamphetamine intravenously, continuing while in prison; his methamphetamine use continued until his 2009 arrest in this case. Id. at ¶ 42. Within months of his release from state custody in 2002, police arrested Coyle for being a felon in possession of a firearm and knowingly concealing stolen property, for which Coyle returned to prison with a four-year sentence. Id. at ¶ 29.

In 2006, just a month after his release, police arrested Coyle for being a felon in possession of a firearm, and for drug trafficking crimes, in two separate incidents that took place only a week apart. Id. at ¶¶ 31-32. Coyle was sentenced to seven more years for these crimes but again escaped from the custody of the Oklahoma Department of Corrections. Id. at ¶¶ 31-31 and 36. Only days after his escape, Coyle and his co-conspirators, including his common law wife, Karen Degginger ("Degginger") met in a motel room in Tulsa to plan the crimes that led to his federal conviction. (PSR at ¶ 8). Degginger had worked as a delivery driver for Autozone and had learned that the owner of Phil's Auto Repair stored numerous firearms in his shop. Id. The day after the motel room meeting, Coyle, Degginger, and the other conspirators burglarized Phil's Auto Repair, and stole at least 22 firearms and several thousand rounds of ammunition. Id. Over the following week, Coyle exchanged guns and ammunition on the black market for drugs and money. Id. at ¶¶ 8-9. Police finally located and arrested Coyle in a motel room where they also found a loaded handgun and over 1,000 rounds of ammunition. Id. at ¶ 9.

A grand jury charged Coyle with conspiracy, trading in stolen firearms, and being a felon in possession of firearms and ammunition. Id. at ¶ 1. Pursuant to a plea agreement, Coyle pleaded guilty to the third count, and further stipulated that, among other things, he qualified as an Armed Career Criminal under 18 U.S.C. § 924(e)(1) and USSG § 4B1.4(b)(3)(A). (PSR at ¶ 5). On October 14, 2009, this Court imposed a 200-month sentence, consecutive to the remainder of the state term he had been serving when he escaped and committed the federal crimes. (Doc. 98).

Coyle has served 121 months of his 200-month sentence. (See Doc. 149, Exhibit 1, Inmate Profile at 4). He is considered a "High" risk for recidivism. Id. at 2. Since being incarcerated, Coyle has been involved in several serious disciplinary incidents including possessing drugs and, most recently, possessing a dangerous weapon. Id. at 5-7. His current care level is Level 1, "Healthy or Simple Chronic Care," and his listed health problems include asthma and COPD, among other, more minor issues. (See Doc. 149, Ex. 1 at 1; see also Exhibit 2, Excerpts from BOP Health Services Report, at 3). Despite these health issues, Coyle has refused the Pfizer COVID-19 vaccine. (See Doc. 149, Ex. 2 at 11-12). Coyle also withdrew from and never completed the Bureau of Prisons Residential Drug Abuse Program. (See Ex. 1 at 1). Coyle has a projected release date of March 10, 2026.

Coyle seeks compassionate release based on the danger of COVID-19. Despite his refusal to be vaccinated against COVID-19, Coyle now seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) based upon his risk of contracting the disease. (Compare Doc. 149, Ex. 2 at 11-12 with Doc. # 147).

## II. Applicable Law

In December 2018, Congress enacted the First Step Act ("FSA") which modified §3582(c)(1) of Title 18 of the United States Code to allow a defendant to bring a motion for

modification of sentence where "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Section 3582(c) now reads:

> (c) Modification of an Imposed Term of Imprisonment. –The court may not modify a term of imprisonment once it has been imposed except that—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in § 3553(a) to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction; or

> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under § 3142(g);

> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A) (emphasis added). [1]

If the Court finds the exhaustion requirements are met and extraordinary and compelling circumstances are present, the Court may reduce a term of imprisonment "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Further, the statute requires the Court "to consider the factors set forth in [18 U.S.C. §] 3553(a) to

---

[1] The U.S. Sentencing Commission published data on resentencings pursuant to Section 404 of the First Step Act of 2018. Under Section 404, defendants sentenced before the Fair Sentencing Act of 2010 are eligible for a retroactive sentence reduction. Through June 30, 2020, the Commission found that 3,363 offenders were granted a sentence reduction. Of the 3,363 offenders granted sentence reduction 65.6 % were assigned to the highest Criminal History Category (IV), 56.3 % were Career Offenders, and 44.5 % received a weapon-related sentencing enhancement. United States Sentencing Commission, October 19, 2020.

the extent they are applicable." *Id.*; See also, *United States v. Maumau*, No. 20-4056 at 7 (10th Cir. Apr. 1, 2021).

### A. Exhaustion Requirement

Although there has been a significant split among district courts on whether the exhaustion requirement of § 3582(c)(1)(A) is jurisdictional and/or excusable, the Tenth Circuit Court of Appeals has recently held that exhaustion should be "treat[ed] as a mandatory claim-processing rule." *United States v. Watson*, No. 20-5046, ft.n. 1 at 2 (10th Cir. June 24, 2021) citing *Hamer v. Neighborhood Hous. Servs. Of Chicago*, 138 S.Ct. 13, 17 (2017)("If properly invoked, mandatory claim-processing rules must be enforced, *but they may be waived or forfeited*." (emphasis added)).

### B. Extraordinary and Compelling Circumstances

As many district courts have noted post-First Step Act, "Congress has not specified the circumstances that qualify as 'extraordinary and compelling reasons' except to state that a reduction pursuant to this provision must be 'consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Maumau*, No. 20-4056 at 11 (10th Cir. Apr. 1, 2021); *United States v. Bucci*, 2019 WL 5075964, at *1 (D. Mass. Sept. 16, 2019). The applicable policy statement of the Sentencing Commission can be found at U.S.S.G. § 1B1.13. The commentary to this section states:

1. Extraordinary and Compelling Reasons. –Provided the defendant meets the requirements of subdivision (2) [not a danger to society], extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant. –

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant. –The defendant (i) is at least 65 years old; (ii) is experiencing serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances. –

(i) The death or incapacitation of a caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons. –As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13.

However, the Tenth Circuit has recently clarified this position and held that § 1B1.3 is not binding on district courts "when a defendant files a motion to reduce sentence under § 3582(c)(1)(A) directly with the district court." *Id.*

### C. Sentencing Commission Policy and 18 U.S.C. § 3553(a) Factors

Section 3582(c)(1)(A) allows for a court to reduce a term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that– (i) extraordinary and compelling reasons warrant such a reduction; … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]"

The § 3553(a) "factors include, among other things, '(1) the nature and circumstances of the offense and the history and characteristics of the defendant,' as well as '(2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant.'" *United States v.*

*Rodriguez-Orejuela*, 2020 WL 2050434, at *4 (S.D. Fla. Apr. 28, 2020) (quoting 18 U.S.C. § 3553(a)).

Under § 1B1.13 of the U.S. Sentencing Guidelines, the Court may reduce a term of imprisonment after consideration of the § 3553(a) factors, if the Court determines that:

(1) (A) extraordinary and compelling reasons warrant the reduction;

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13(1)-(3).

### III. A Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) is not Warranted

### A. Coyle Has Met the Exhaustion Requirements of § 3582(c)(1)(A)

On April 19, 2021, Coyle submitted a written request to the warden requesting a compassionate release pursuant to 18 U.S.C. § 3582 (c)(1)(A)(i). The warden declined to file a motion for compassionate release on Coyle's behalf. Therefore, Coyle has fully exhausted his administrative appeals and has met the exhaustion requirements under 18 U.S.C. § 3582(c)(1)(A).

### B. Extraordinary and Compelling Circumstances Do Not Justify a Reduction in Sentence

In considering Coyle's motion, the Court has reviewed the three-part test adopted by the Tenth Circuit in *United States v. Maumau*, No. 20-4056 at 7 (10th Cir. Apr. 1, 2021) (citing *United States v. Jones,* 980 F.3d 1098, 1107 (6th Cir. 2020)). Step one requires the Court to determine at its discretion, whether "extraordinary and compelling reasons" exist to warrant a sentence reduction. Step two requires that the Court find whether such reduction is consistent with applicable policy statements issued by the United States Sentencing Commission. Step three requires the Court to consider any applicable 18 U.S.C. § 3553(a) factors and determine whether the reduction authorized by steps one and two is warranted under the particular circumstances of

the case. However, because the policy statements of the Sentencing Commission have not been updated since enactment of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018), which amended 18 U.S.C. § 3582(c)(1)(A) to allow defendants to file motions for compassionate release directly with the Court, the existing policy statements are not applicable to motions filed directly by defendants. *Id*. at 12. Further, when any of the three prerequisite steps are lacking, the Court may deny a compassionate release motion and does not need to address the other steps. The Court must address all three steps when granting such motion. *Id.* at 13 n.4. (citing *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021)). See also *United States v. McGee*, No. 20-5047 (10th Cir. Mar. 29, 2021).

Coyle seeks compassionate release based on the combination of his health issues, including asthma and COPD, and the "pervasive" risks of contracting COVID-19 in prison. (Doc. 147 at 2, 5). However, even if this Court concluded that the combination of Coyle's health conditions and the ongoing COVID-19 pandemic constitute an extraordinary and compelling reason, it would nonetheless deny his motion based on the § 3553(a) factors. See, e.g., *United States v. Williams*, 848 F.App'x 810, 813 n.3 (10th Cir. 2021) (declining to reach argument that district court erred in concluding defendant failed to establish extraordinary and compelling circumstances, based on court's "explicit statement that even if [defendant] could show extraordinary and compelling circumstances, it would deny relief based on the § 3553(a) factors.").

### C. A Reduction in Sentence is not Warranted After Consideration of the 18 U.S.C. § 3553(a) Factors and Sentencing Guidelines Policy

Having established that Coyle has exhausted his administrative appeal, and that extraordinary and compelling circumstances do not exist, the Court also considers the factors under 18 U.S.C. § 3553(a) and the Sentencing Guidelines policy to determine whether a reduction in sentence is warranted.

Importantly, evidence of post-sentence rehabilitation is likely the most critical of core considerations for the Court in a § 3582(c) proceeding. In *Pepper v. United States*, 131 S.Ct. 1229, 1241 (2011), the Court emphasized the important nature of post-sentence rehabilitation, stating that "there would seem to be no better evidence than a defendant's post incarceration conduct." *Id.* Indeed, the Court continued, "Post-sentencing rehabilitation may also critically inform a sentencing judge's overarching duty under § 3553(a) to 'impose a sentence sufficient, but not greater than necessary' to comply with the sentencing purposes set forth in § 3553(a)(2)." *Id*. at 1242.[2] See e.g. *United States v. Millan*, 91-CR-685 (LAP), 2020 WL 1674058, at *9 (S.D.N.Y. Apr. 6, 2020) (granting a sentence reduction under § 3582(c) to a defendant who ran a drug-trafficking organization, given that "[the defendant], in the face of a life sentence, assumed a positive outlook and attitude towards life, sought to improve himself to the utmost extent possible and was motivated to do so notwithstanding his circumstances").

Under the applicable policy statement, this Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2). Additionally, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); *United States v. Maumau*, No. 20-4056 at 7 (10th Cir.

---

[2] "In addition, evidence of post sentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing. For example, evidence of post sentencing rehabilitation may plainly be relevant to 'the history and characteristics of the defendant.' § 3553(a)(1). Such evidence may also be pertinent to 'the need for the sentence imposed' to serve the general purposes of sentencing set forth in § 3553(a)(2) – in particular, to 'afford adequate deterrence to criminal conduct,' 'protect the public from further crimes of the defendant,' and 'provide the defendant with needed educational or vocational training…or other correctional treatment in the most effective manner." §§3553(a)(2)(B)-(D); see *McMannus,* 496 F.3d, at 853 (Melloy, J., concurring) ("In assessing…deterrence, protection of the public, and rehabilitation, 18 U.S.C. § 3553(a)(2)(B)(C) & (D), there would seem to be no better evidence than a defendant's post incarceration conduct"). *Id*.

Apr. 1, 2021) (citing *United States v. Jones,* 980 F.3d 1098, 1107 (6th Cir. 2020)). Those factors demonstrate that Coyle remains a significant danger to the community.

Coyle's lifelong criminal history demonstrates that each time he has been released or escaped from incarceration, he has immediately returned to committing crime. This recidivism has continued unabated since he was a teenager, and he is now 47 years old. His record of recidivism can be linked to his lifelong use of drugs, which he has continued into his current incarceration. His nine infractions over the past eight years include two 100-level sanctions for using or possessing drugs or alcohol. (See Doc. 149, Ex. 1 at 5 – 7). However, drug possession is not the only disciplinary infraction Coyle has committed during his time in BOP. He was disciplined for possessing a dangerous weapon as recently as 2020. Id. at 5.

Offered the opportunity to escape his cycle of drug use and resulting criminal activity through the BOP's flagship residential drug abuse program, Coyle enrolled but then withdrew in January of 2020. (Doc. 149, Ex. 1 at 1). His failure to complete comprehensive drug treatment, combined with his chronic recidivism, status as an Armed Career Criminal, and continued disciplinary problems while incarcerated all demonstrate why the Bureau of Prisons has assessed Coyle as posing a high risk of recidivism. Id. at 2. Looking to the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1), Coyle's conduct while incarcerated demonstrates the danger he continues to pose to the community, and warrants denial of his motion. Thus, to deter his future criminal conduct and protect the public from Coyle's further crimes, this Court denies his motion for compassionate release. See 18 U.S.C. § 3553(a)(2).

### IV. CONCLUSION

Because Coyle has failed to meet his burden under § 3582(c)(1)(A) of showing either that an extraordinary and compelling reason exists for compassionate release or that the § 3553(a)

factors weigh in favor of the sentence reduction he seeks, the Court denies Coyle's Motion for Compassionate Release. (Doc. 147).

.        **IT IS SO ORDERED this 7th day of June,  2021.**

TERENCE C. KERN
United States District Judge